UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>ORLANSKY-WAX, LLC, a California limited liability company; and DOES 1-10,<br><br>                        Defendants. | Case No.:  21cv1136 DMS (JLB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      This case comes before the Court on Defendant's motion to dismiss.  Plaintiff filed an opposition to the motion, and Defendant filed a reply.  For the reasons set out below, the motion is granted.

**I.**

**BACKGROUND**

      This case arises under the Americans with Disabilities Act ("ADA").  Plaintiff Victor Dalfio "has had two hip replacements.  He also dislocated his hip" and "has difficulty walking and standing." (First Am. Compl. ("FAC") ¶1.)  As a result, "Plaintiff uses a cane most of the time and also uses a walker as needed." (*Id.*)  Plaintiff alleges he visited Defendant's property on two occasions in March 2021 to patronize the business on

the property, Los Alejandro's Taco Shop, but he "encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property." (*Id.* ¶16.) Plaintiff's FAC alleges one claim under the ADA and another claim under California's Unruh Civil Rights Act.

## II.
## DISCUSSION

Defendant argues this case should be dismissed for lack of standing, and that the ADA claim is moot. Absent the ADA claim, Defendant asserts the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

**A.   Standing**

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Under the oft-repeated standing formulation, [the plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant]'s actions, and that the injury can be redressed by a favorable decision." *Id.* "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [the plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). An ADA plaintiff can meet this requirement "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944. As noted in *Chapman,* a disabled person can establish Article III standing to pursue injunctive relief by showing "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Id.*

Here, Defendant argues Plaintiff's allegations are insufficient to show injury because "Plaintiff makes no attempt to explain how those conditions affected his ability to 'visit'

the property,[ ] whether in the parking lot or other portions of the targeted property not just once but multiple times." (Mem. of P. & A. in Supp. of Mot. at 16.)  The Court disagrees. Throughout the FAC, Plaintiff explains how each of the alleged barriers affected his ability to patronize the taco shop. (*See*, *e.g.*, FAC at 5-7, 9-12) (explaining how barriers in routes of travel interfered with Plaintiff's ability to access the premises); (*id.* at 7) (explaining how absence of directional signage affected Plaintiff's ability to access the premises). Contrary to Defendant's argument, Plaintiff's allegations are sufficient to establish injury for the purpose of standing.

**B.     Mootness**

Defendant's second argument in support of its motion to dismiss is that the violations alleged in the FAC have been remedied, therefore Plaintiff's ADA claim is moot. "'Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot.'" *Johnson v. Oishi*, 362 F.Supp.3d 843, 848 (E.D. Cal. 2019) (quoting *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003)). "A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  In ADA cases, in particular, "because a plaintiff can only obtain injunctive relief under the ADA, the defendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's ADA claim." *Id.* (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)).

Here, Defendant argues it has remedied the alleged barriers identified in the FAC, therefore Plaintiff's ADA claim is moot.  In support of this argument, Defendant submits a Declaration and Report from Craig Lobnow, a California state Certified Access Specialist, who conducted a personal inspection of Defendant's property on September 5, 2021, more than two months after Plaintiff filed the present case. (*See* Decl. of Craig Lobnow in Supp. of Mot. ¶¶2, 4.)  Based on that inspection, Mr. Lobnow concludes "the elements of the Property targeted by Plaintiff's Complaint are compliant under the current federal and applicable state standards." (*Id.* ¶7.)

Plaintiff asserts Defendant's reliance on evidence outside the pleadings is improper, and the Court should not consider that evidence in ruling on the present motion. However, Defendant is clearly mounting a factual attack to the Court's subject matter jurisdiction, (*see* Mem. of P. & A. in Supp. of Mot. at 4), and when presented with such an attack, "the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists." *Johnson*, 362 F.Supp.3d at 847 (citations omitted).

Perhaps anticipating that conclusion, Plaintiff states he has "obtained his own CASp expert, who has identified the existence of several accessibility barriers at the subject property." (Opp'n to Mot. at 3.) Plaintiff also states he has "recently obtained a CASp report identifying the barriers that presently exist on the Property," but Plaintiff chose not to submit that report to the Court "to avoid premature disclosure of expert reports to the greatest extent possible." (*Id.* at 7.) That was an unfortunate decision because as the party opposing the motion, Plaintiff "has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden." *Johnson*, 362 F.Supp.3d at 847 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). As it presently stands, Plaintiff has failed to present any evidence to rebut Defendant's showing that the alleged violations have been rectified, and that this Court therefore has jurisdiction over his ADA claim. Accordingly, Defendant's motion to dismiss that claim is granted.[1]

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] In light of this holding, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, and thus grants the motion to dismiss that claim, as well.

# III.
# CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to dismiss, and dismisses this case without prejudice.

**IT IS SO ORDERED**.

Dated:  December 3, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court